NOT FOR PUBLICATION

FILED
JAMES J. WALDRON, CLERK

AUG. 13, 2008

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**IN RE: JEAN L. JONES,**

                Debtor.

Case No.: 06-16416 (DHS)

Judge: Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

Raymond and Raymond
Herbert B. Raymond, Esq.
7 Glenwood Avenue
Fourth Floor, Suite 408
East Orange, New Jersey 07017
***Counsel to Debtor Jean L. Jones***

Fein, Such, Kahn & Shepard, P.C.
Tammy L. Terrell, Esq.
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
***Counsel to HSBC Mortgage Corporation***

Office of the County Counsel
Thomas M. Bachman, Esq.
Assistant County Counsel
Hall of Records, Room 535
Newark, New Jersey 07102
***Counsel to Armando B. Fontoura, Sheriff of Essex County***

**<u>THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE</u>**

Before the Court is a motion filed by Jean L. Jones ("Debtor") for an accounting to determine the amount due and owing to Champion Mortgage/Key Bank ("Lender") and objecting to Key Bank's proof of claim.[1] The Court entered an Interim Order on April 25, 2008 requiring the accounting and other related relief pending the Court's determination on the Essex County Sheriff's commission. The issue was first raised by the Debtor in a letter further supporting her motion where the Sheriff's commission of $2,258.46 was discovered to be included in additional attorneys' fees detailed in updated payoff information provided to the Debtor by the Lender. At the time the Debtor objected to the Sheriff's commission, the Lender stated that the Sheriff should be notified of such objection and provided with an opportunity to respond accordingly. The Lender did not take a position as to the Sheriff's commission and agreed to remove the Sheriff's commission from the payoff costs unless the Essex County Sheriff filed an objection. The Debtor sought an Order reducing or eliminating the Sheriff's commission.

Armando B. Fountoura, Sheriff of Essex County, New Jersey ("Sheriff") submitted a letter brief in opposition to the Debtor's motion. The Sheriff argued that he was statutorily entitled to his one-half commission of the "settlement" proceeds pursuant to N.J.S.A. 22A:4-8. The Debtor counters that the Essex County Sheriff is not entitled to a commission because the property was not actually sold at a sheriff's sale due to the filing of the Chapter 13 proceeding in July 2006.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated

---

[1] While this motion has been pending, the loan was transferred and is now being serviced by HSBC. This led to delays in gathering the necessary and relevant information to the motion and the breakdown of the challenged amounts in the proof of claim. HSBC will also be referred to as "Lender."

July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (E). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## Statement of Facts and Procedural History

The Sheriff received a Writ of Execution dated May 2, 2006 in the case *Champion Mortgage, a Division of Key Bank USA National Association, Successor to the Interests of Champion Mortgage Co., Inc. v. Jean L. Jones, et al.,* Docket No. F-1137-06, Superior Court of New Jersey, Chancery Division, Essex County directing him to sell Debtor's property at 860-862 South 13th Street, Newark, New Jersey, 07108 ("Property") to satisfy $93,885.60 owed on the mortgage plus interest, advances and taxed costs of $1,742.86. *See Certification of Jesus Padilla in Opposition to Motion to Reduce or Vacate the Sheriff's Commission ("Padilla Cert.")*, at ¶ 3. On July 16, 2006, Debtor's counsel informed the Sheriff via letter that a Chapter 13 Petition had been filed that day and requested that the pending sheriff's sale be cancelled. *Id.* at ¶ 4. In the Lender's supplemental letter objection to the instant motion, the Lender indicated that the Sheriff's commission totaled $2,258.46. *Id.* at ¶ 5; *Lender's April 18, 2007 Letter*, at Exhibit A. The Sheriff submitted that the actual Sheriff's commission could not be computed until the exact settlement figure was forwarded to the Sheriff, but stated his position that he is statutorily entitled to one-half commission amounting to three percent (3%) on the first $5,000.00 and two percent (2%) on sums exceeding $5,000.00 pursuant to N.J.S.A. 22A:4-8. *Padilla Cert.* at ¶ 5.

The Debtor maintains that the Sheriff was listed on the creditor matrix in this bankruptcy case and therefore on notice of all activities in the case. *See Debtor's March 23, 2008 Letter*, 1. The Lender filed a proof of claim that included the Sheriff's commission and the Debtor objected to such

4

claim and seeks disallowance of the commission. *Id.* The Debtor argues that the Sheriff is not entitled to any commission because a sale did not take place due to the filing of the Petition. Instead of the proposed combination sale-refinance plan, the Debtor actually obtained a reinstatement of the mortgage by the Lender. *Id.* at 2. Through the sale of other property, the Debtor cured the defaults resulting in a complete reinstatement. *Id.*

## Legal Analysis

In relevant part, N.J.S.A. 22A:4-8 provides for a statutory commission for a Sheriff "[w]hen the execution is settled without actual sale and such settlement is made manifest to the officer, the officer shall receive [half] of the amount of percentage allowed herein in case of sale." *N.J.S.A. 22A:4-8 (2008).* The issue here is whether curing and reinstating the mortgage post-Petition constitutes a settlement to warrant the payment of a statutory commission to the Sheriff.

Upon the filing of the Chapter 13 Petition, the Property became property of the bankruptcy estate and subject to the Bankruptcy Court's jurisdiction. *See* 11 U.S.C. § 541(a) (2008). The automatic stay triggered upon the commencement of a bankruptcy case postpones a pending sheriff's sale, but does not cancel it. *See* 11 U.S.C. § 362(a)(2) (2008). The Debtor filed the Petition the same date as the Writ of Execution thereby staying the foreclosure proceeding. The Debtor included the Sheriff in its creditor matrix and, thus, the Sheriff was on immediate notice of the bankruptcy and its related matters. *But see In re Bejjani*, 02-33025 (DHS), 2003 Bankr. LEXIS 2150, at \*9 (Bankr. D.N.J. September 2, 2003) (*Bejjani* debtor failed to include the sheriff in the service list of the filing, thus, the sheriff took steps to consummate the foreclosure). It is undisputed that the Sheriff did not conduct a sale of the Property here. Instead, the sale was postponed due to the bankruptcy and the Debtor cured the mortgage and had it reinstated.

5

New Jersey case law is well settled where the parties to a foreclosure proceeding resolve the matter obviating the need for a sheriff's sale, then the sheriff is entitled to one-half commission for his efforts to secure the property. *See Sturges v. Lackawanna & W. R.R. Co.*, 27 N.J.L. 424, 426, 1859 N.J. Sup. Ct. LEXIS 56, at *2-3 (1859). The purpose of the commission is to compensate the Sheriff for reasonable expenses incurred to secure the property and facilitate the foreclosure process. *See In re Bejjani*, 2003 Bankr. LEXIS at *12-13 (recognizing the rationale of N.J.S.A. 22A:4-8); *Sturges*, 27 N.J.L at 426, 1859 N.J. Sup. Ct. LEXIS at *2 ("Having taken the necessary measures to levy upon and secure the property, it would be unjust to deprive him of all compensation. The service and risk are put upon the sheriff by the [Lender], for his own benefit, and the statute has provided for his compensation.")

However, there is sparse case law on the instant issue whether a resolution of the foreclosure proceeding within the purview of the Bankruptcy Court constitutes a "settlement" allowing for the payment of a one-half Sheriff's commission. There are three cases addressing this issue decided by Bankruptcy Judges in the District of New Jersey; each will be summarized in turn: (1) *In re Bejjani;* (2) *Dobin v. Washington Mutual Bank, F.A. (In re Loehwing)*; and (3) *In re Dominguez.*

In *In re Bejjani*, this Court held that the Trustee's sale of property was not a "settlement" entitling the sheriff to one-half commission, but that the sheriff was entitled to reimbursement of actual out-of-pocket expenses incurred post-Petition prior to the sheriff's receipt of notice of the bankruptcy filing. *See In re Bejjani*, 2003 Bankr. LEXIS 2150, at *13-14. In *Bejjani*, the debtor filed for bankruptcy and failed to notify the sheriff. Thus, the sheriff posted notice of the sale and placed advertisements in local newspapers, which were immediately discontinued upon the sheriff's knowledge of the bankruptcy eight (8) days later. *See id.* at *4-5. Approximately three months after

6

the petition was filed, this Court approved the property sale and the closing occurred a few weeks later. *See id.* at *5-6. At the closing, the mortgagee's attorney demanded additional attorneys' fees and costs that included a sheriff's commission and fees in the amount of $8,553.67. *See id.* at *6. Upon conversion of the case to Chapter 7, the amount representing the one-half commission was escrowed pending the determination of whether the sheriff was entitled to it. *See id.* at *6.

The sheriff in *Bejjani* argued that the statutory commission was triggered upon delivery of the writ. *See id.* at *7. This Court relied upon *Resolution Trust Corp. v. Lanzaro*'s finding that "there must be some rational relationship between fees charged by the sheriff and services rendered in the context of foreclosure actions. *See id.* at *12 (citing *Resolution Trust. Corp. v. Lanzaro*, 140 N.J. 244, 259 (1995). Furthermore, this Court concluded that a sheriff may not unreasonably garner a windfall at the expense of the estate, particularly given the fact that the sheriff only possessed the writ for eight (8) days. *See id.* at *12-13. The Court held "[a] settlement under the statute applies to the situation where a plaintiff and defendant settle the action and satisfy the writ of execution absent an actual auction sale by the sheriff." *Id.* at *13. Moreover, "the statute has no application to a sale approved by order of the Bankruptcy Court after a bankruptcy petition has been filed." *Id.* The Court also found that allowing for the recovery of actual expenses was reasonable and would not result in a windfall. *Id.* at *14.

Next, in *In re Loehwing*, the Honorable Raymond T. Lyons found the contrary: a sale of the property by the Chapter 7 Trustee in the bankruptcy case was in fact a settlement entitling the sheriff to a commission on the sale. *See Dobin v. Wa. Mut. Bank., F.A. (In re Loehwing),* 320 B.R. 281, 285 (Bankr. D.N.J. 2005). The *Loehwing* court reasoned that a "payment or satisfaction of a mortgage" and "anything. . .done between [the parties], by which a sale is rendered unnecessary,. . .must be

considered a settlement." *See id.* at 285, n.3 (relying upon the definition found in BLACK'S LAW DICTIONARY and citing *Sturges*, 27 N.J.L. at 426, 1859 N.J. Sup. Ct. LEXIS at *2).  The Trustee in that case relied upon the *Bejjani* decision.  The *Loehwing* court disagreed with *In re Bejjani* and held that "[s]atisfaction of the foreclosure judgment from the proceeds of a sale by the owner (here the trustee) before the sheriff completes his duties is a 'settlement.'" *Id.* at 286.  The *Loehwing* court also gave little credence to the Trustee's argument that she was not a party to the foreclosure proceeding and, thus could not have "settled" such, which was found to be a narrow interpretation of the statute. The court determined:

> Although the Trustee has not been named in the foreclosure suit, nor has she sought to be substituted in as the real party in interest; nevertheless, the foreclosure judgment has been satisfied, obviating the need for a sheriffs sale.  Commissions are due.

*Id.*

Finally, the Honorable Novalyn L. Winfield addressed the issue in *In re Dominguez* where the debtor filed her Chapter 13 petition prior to the scheduled foreclosure sale of her residence. *In re Dominguez*, 05-32129 (NLW), 2006 Bankr. LEXIS 4092, at *2 (Bankr. D.N.J. April 7, 2006). The *Dominguez* court agreed that sheriffs may not benefit at the expense of creditors and held that New Jersey case law "applied the statute to permit a commission that bears a reasonable relationship to the plaintiff's recovery." *Id.* at *6 (relying upon *Jacoby v. Eseo*, 746 A.2d 1069, 1071-72, 329 N.J. Super. 119 (App. Div. 2000)). The court also determined that the *Loehwing* decision followed New Jersey precedent but that it must be "limited to its facts." *Id.*

*In re Dominguez* is particularly instructive to the case at bar. Sara Dominguez, the debtor, also proposed to reinstate her mortgage and cure the past due amounts.  Therefore, there was no sale of the property. *Id.* at *7.  As here, the issue of the sheriff's commission arose in the context of a

claims objection. *Id.* at *1. The court determined that finding that this Chapter 13 proposal constitutes a settlement would be a misreading of N.J.S.A. 22A:4-8 and would result in the windfall to the sheriff that the courts sought to avoid. *Id.* The *Dominguez* court found that neither the debtor nor the lender's conduct was comparable to that of a foreclosure sale and specifically "[t]he automatic stay prevents the [Lender] from going forward with the sale, and the Bankruptcy Code provides the [d]ebtor with a federal forum for satisfying her obligations." *Id.* at *8. Lastly, the court stated that at most the sheriff could seek actual out-of-pocket costs. *Id.*

The instant matter is factually similar because Jean L. Jones, the Debtor, simply proposed to cure and reinstate her mortgage without sale of the Property. Thus, no settlement as described in N.J.S.A. 22A:4-8 resulted. To allow a commission each time a mortgage is reinstated in a Chapter 13 proceeding after the writ is delivered to the sheriff would be unreasonable and cause a windfall to the sheriff. Simply put, interpreting N.J.S.A. 22A:4-8 to include reinstatement of a mortgage in the meaning of "settlement" is counterproductive to the fresh start sought by a debtor through filing for bankruptcy. Thus, the Sheriff is not entitled to payment of the Sheriff's commission pursuant to N.J.S.A. 22A:4-8. However, as this Court previously ruled, the Sheriff is entitled to reasonable actual out-of-pocket expenses from receipt of the writ to the Petition Date. *See In re Bejjani*, 2003 Bankr. LEXIS 2150, at *14.

**Conclusion**

For the foregoing reasons, the request in the Lender's proof of claim for a Sheriff's commission is hereby denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

/s/ *Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: August 13, 2008